IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **JOSEPH MAYES**<br>1118 E. Saunders Rd., Lot 321<br>Dothan, Alabama 36301<br><br>**BRENDA GIBSON**<br>P.O. Box 678<br>Bolivar, Tennessee 38008<br><br>On Behalf of Themselves and<br>All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**THE GEO GROUP, INC.**<br>A Florida Corporation<br>Registered Agent:<br>John J. Bulfin<br>621 N.W. 53rd Street, Ste. 700<br>Boca Raton, FL 33487<br><br>Defendant. | **JURY TRIAL DEMANDED**<br><br><br><br>Case no.: 08-0248 |

**COMPLAINT**
**Collective Action Under the FLSA**

**COME NOW** the Plaintiffs Joseph Mayes and Brenda Gibson on behalf of themselves, and all others similarly situated, by and through counsel, and hereby set forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs Mayes and Gibson bring this action against Defendant The Geo Group, Inc. ("Geo") for unpaid compensation and overtime compensation and related penalties and damages. Defendant's practice and policy is to willfully fail and refuse to properly pay compensation and overtime compensation due Mayes and Gibson and all other similarly

situated employees. Doing so is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).

2. Plaintiffs seek injunctive and declaratory relief; compensation for all work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

3. Plaintiff Joseph Mays currently resides at 1118 E. Saunders Road, Lot 321, Dothan, Alabama. Plaintiff worked at Defendant's Graceville Correctional Facility located at 5168 Ezell Road, Graceville, Jackson County, Florida.

4. Plaintiff Brenda Gibson currently resides at P.O. Box 678, Bolivar, Tennessee. Plaintiff worked at Defendant's Marshall County Correctional Facility located at 833 West Street, Holly Springs, Mississippi.

5. Defendant Geo is a Florida Corporation registered and in good standing in the state of Florida operating a facility at 5168 Ezell Road, Graceville, Jackson County Florida. Defendant's principle place of business is 621 N.W. 53rd Street, Ste. 700, Boca Raton, Florida.

6. Within the United States, Defendant Geo operates forty-nine (49) facilities in seventeen (17) states including the state of Florida. They also operate facilities in Australia, England, and South Africa.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. §1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

8. The United States District Court for the Northern District of Florida has personal jurisdiction because Defendant conducts business in Florida within this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business and can be found in Jackson County, Florida in the Northern District of Florida, and the cause of action set forth herein has arisen and occurred in substantial part in the Northern District of Florida, Panama City Division. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the state of Florida.

## COUNT I
## FLSA CLAIM

10. The Plaintiffs incorporate by reference, as if more fully set forth herein, paragraphs 1 through 9 of this Complaint.

11. Plaintiff Mayes was employed by the Defendant from on or about August 2007 through on or about May 15, 2008 at the Defendant's Graceville Correctional Facility located in Graceville, Jackson County, Florida. Plaintiff was employed as a corrections officer at this facility.

12. Plaintiff Gibson was employed by the Defendant from on or about August 2007 through on or about September 2007 at the Defendant's Marshall County Correctional Facility located in Holly Springs, Mississippi. Plaintiff was employed as a corrections officer at this facility.

13. The Defendant employs numerous other corrections officers at the Graceville Correctional Facility and the Marshall County Correctional Facility and at all of the Defendant's forty-nine (49) correctional facilities located in seventeen (17) states. All

such corrections officers are hereby referred to as the putative representative action plaintiffs.

14. Defendant compensates corrections officers as non-exempt employees under the FLSA entitled to receive overtime. Defendant compensates corrections officers by paying them an hourly wage.

15. Mr. Mayes and Ms. Gibson, and the putative representative action plaintiffs, are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to compensate for work performed and/or to pay overtime in violation of the FLSA.

16. Defendant requires corrections officers to perform work and/or requires them to be present at work while not compensating them for their services. In turn, this denies correction officers' compensation for services performed, and denies corrections officers' overtime compensation. This is in violation of the FLSA.

17. The Defendant has a "rounding" policy in place on its time-keeping system that denies all corrections officers their compensation for pre-shift and post-shift work. This "rounding policy" only benefits the Defendant and is not *de minimus* in nature.

18. Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by the Defendant as correction officers within three years from the commencement of this action who have not been compensated for services performed and/or compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

19. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Representative Plaintiffs because the claims of Mr. Mayes and Ms. Gibson are similar to the claims of the putative plaintiffs of the representative action.

20. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

21. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

22. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

23. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

24. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

25. Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive compensation and overtime pay under the FLSA and are not

exempt from the requirement that their employer pay them overtime compensation under the FLSA.

26. At all relevant times, Defendant had a policy and practice of failing and refusing to pay correction officers for services performed and/or to pay to its correction officer employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

27. The Defendant failed to compensate Plaintiff and all other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

28. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

29. Mr. Mayes and Ms. Gibson, on behalf of themselves and all similarly situated employees of Defendant, seek damages in the amount of all respective unpaid compensation and overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

30. Mr. Mayes and Ms. Gibson, on behalf of themselves and all similarly situated employees of Defendant, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

b. Designation of Plaintiff Joseph Mayes and Brenda Gibson as Representative Plaintiffs of the putative members of the FLSA representative action, and designation of counsel listed below as counsel on behalf of this class of employees;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d. An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages for overtime compensation due for the Plaintiff and the putative members of the class, including liquidated damages, to be paid by Defendant;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Respectfully submitted:



*/s/ Brendan J. Donelon*
Brendan J. Donelon, N.D.Fla.
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Tel:    (816) 221-7100
Fax:    (816) 472-6805
brendan@donelonpc.com

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Jason Brown*
Jason Brown, KS.Fed.Ct. #70700
**Brown & Associates, LLC**
7505 N.W. Tiffany Springs Pkwy., Ste. 130
Kansas City, MO 64153
Tel: 816-505-4529
Fax: 816-379-4040
kclawyerbrown@yahoo.com

*Motion for Admission Pro Hac Vice Pending*